# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3933-18T3

STATE OF NEW JERSEY
IN THE INTEREST OF D.C.,
a Juvenile.

_____

Argued March 4, 2020 – Decided March 16, 2020

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket Nos. FJ-12-0556-19, FJ-12-0560-19, FJ-12-0680-19, FJ-12-0783-19, and FJ-12-0833-19.

Brian P. Kenan, Assistant Deputy Public Defender, argued the cause for appellant D.C. (Joseph E. Krakora, Public Defender, attorney; Brian P. Keenan, of counsel and on the briefs).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, argued the cause for respondent State of New Jersey (Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney; Joie D. Piderit, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

D.C.,[1] a juvenile, appeals from a Family Part judge's April 11, 2019 order of final disposition and sentence, arguing the judge's failure to hold a hearing before vacating a February 28, 2019 probationary sentence violated her fundamental right to due process. The State agrees that a remand is required under these circumstances. Therefore, we reverse.

D.C. has a history of behavioral issues, resulting in multiple appearances before Family Part judges handling juvenile matters. We need not recite D.C.'s involvement with the juvenile justice system. Instead, we focus on the juvenile charges giving rise to this appeal.

On January 30, 2019, D.C. pleaded guilty to offenses that, if committed by an adult, would constitute third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5)(h), third-degree burglary, N.J.S.A. 2C:18-2, and violation of probation (VOP). She admitted to burglarizing lockers at her high school and striking a juvenile detention officer at the Middlesex County Detention Center. D.C. committed these acts while she was on probation for prior juvenile charges. After she entered her plea, the Family Part judge ordered D.C. furloughed to the Care Maintenance Organization (CMO) for interviews and evaluations.

---

[1] We use the juvenile's initials to protect her privacy. R. 1:38-3(d)(5).

A disposition hearing was held on February 28, 2019, at which time the judge sentenced D.C. to eighteen months' probation and ordered her to attend the CMO program and aftercare program. The sentence was stayed pending bed availability. The judge indicated there would be post-dispositional recalls every two weeks and scheduled the first recall for March 21, 2019.

On March 1, 2019, the Family Part judge received a telephone call from the detention center where D.C. was being held. A staff member advised the judge that D.C. "was going to be charged with an assault that occurred at the detention center." Upon learning of this new charge, the judge cancelled D.C.'s interview with CMO staff and scheduled a March 4, 2019 hearing with counsel for the parties.

At the March 4, 2019 hearing, the judge informed the parties of her conversation with the detention center and indicated she had received a complaint for second-degree aggravated assault. The judge explained a VOP complaint was forthcoming. Despite the absence of a filed VOP complaint, the judge vacated D.C.'s February 28, 2019 probationary disposition. The new VOP complaint was forwarded to the judge on March 15, 2019.

On March 21, 2019, the judge conducted a plea hearing on the new second-degree aggravated assault charge, N.J.S.A. 2C:12-1(b)(1), and the VOP.

D.C. admitted she struck a juvenile with a water pitcher while at the detention center, and the juvenile victim required seventeen stitches. D.C. pleaded guilty to the assault and VOP charges, and the judge scheduled a disposition hearing for April 11, 2019.

At the April 11, 2019 hearing, the judge sentenced D.C. to two years in the custody of the Juvenile Justice Commission (JJC) based on the new second-degree aggravated assault charge. On the previous charges, the judge resentenced D.C. to the following terms concurrent to the new charge: one year for the first VOP; two years for third-degree burglary; two years for third-degree aggravated assault; and one year for the second VOP.

Counsel for D.C. and the State agree the judge erred by vacating D.C.'s February 28, 2019 probationary disposition without a newly filed complaint charging D.C. with a second VOP. We concur.

N.J.S.A. 2A:4A-45(b) allows a Family Part judge to "substitute any other disposition which it might have made originally" when a juvenile violates a term of the court's disposition. However, the judge must provide notice and an opportunity to be heard consistent with due process before substituting the disposition. N.J.S.A. 2A:4A-45(b); R. 5:24-5(a); see State v. Mosley, 232 N.J. 169, 190-91 (2018).

A-3933-18T3

Here, the Family Part judge failed to adhere to N.J.S.A. 2A:4A-45(b) and Rule 5:24-5(a) by unilaterally vacating the February 28, 2019 disposition before counsel could be heard. In vacating D.C.'s probationary disposition absent a newly filed VOP complaint, the judge incorrectly relied on a telephone conversation to establish the VOP. Without the benefit of a hearing, the ex parte telephone communication from an individual at the juvenile detention center "was not sufficiently reliable for its asserted purpose of substantiating the new criminal charges" of second-degree aggravated assault and VOP. Mosley, 232 N.J. at 174. As a result, the juvenile, her counsel, and the State were deprived of their right to a full and fair hearing on the issues.

Under these circumstances, we are constrained to vacate the April 11, 2019 disposition and remand the matter to the Family Part for further proceedings. The remand hearing shall be conducted within forty-five days of the date of this opinion. We take no position on the arguments that may be raised in connection with the remand hearing.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3933-18T3